UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RENAISSANCE NUTRITION, INC.,

                             **Plaintiff,**              08-CV-0800S(Sr)

v.

**GEORGE JARRETT and DAN KURTZ,**
                             **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #34.

Currently before the Court is plaintiff's motion, pursuant to Rule 42 of the Federal Rules of Civil Procedure, to consolidate this action with *Renaissance Nutrition, Inc. v. Jarrett*, 06-CV-380S(Sr), a related case pending between the same parties, and to expedite discovery. Dkt. #3. In support of the motion, plaintiff argues that both actions arise from defendants' alleged breach of a written employment agreement. Dkt. #3-3, ¶ 4. Plaintiff notes that several of the witnesses examined in the related case will also be relevant to the instant case. Dkt. #3-3, ¶ 10. Plaintiff seeks to expedite discovery with respect to the claims asserted in this action and believes that fact discovery could be completed within 90 days. Dkt. #3-3, ¶ 16.

Defendants oppose the motion on the ground that the actions involve different questions of fact and law and could result in jury confusion; that discovery is

complete and a summary judgment motion is pending in the initial action; and that plaintiff's proposal to expedite discovery would prejudice defendants' right to conduct thorough and complete discovery in this action. Dkt. #16, ¶ 3. Defendants explain that

> the 2006 Action involves allegations that the Defendants violated a *two-year* restrictive covenant contained in an *2002* "supplemental agreement" concerning solicitation of Plaintiff's *customers*. The 2008 Action involves allegations that the Defendants violated a *five-year* restrictive covenant contained in a *1991* agreement concerning solicitation of Plaintiff's *salespeople and distributors*.

Dkt. #16, ¶ 4. Given these distinctions, defendants argue that there is no danger of inconsistent results. Dkt. #16, ¶ 5. Moreover, defendants argue that there are a significant number of documents and witnesses relevant to the claims asserted in the 2006 action but irrelevant to the claims asserted in the 2008 action and a significant number of documents and witnesses relevant to the claims asserted in the 2008 action but irrelevant to the claims asserted in the 2006 action. Dkt. #16, ¶¶ 13-16.

> Federal Rule of Civil Procedure 42 provides as follows:
>
> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

It is well established that the trial court "has broad discretion to determine whether consolidation is appropriate." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d

Cir. 1993), *quoting Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990).

In exercising its discretion, the Court must consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Johnson*, 899 F.2d at 1285. The paramount concern, however, is whether "savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *see Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

Consolidation is not warranted in the instant case. This action alleges violation of a clause of an employment agreement regarding solicitation of plaintiff's distributors or salesmen, while the prior action alleges a violation of a separate clause of an employment agreement regarding solicitation of plaintiff's customers. These provisions are sufficiently similar to cause concern that a jury might confuse the evidence with respect to each claim yet sufficiently dissimilar as to require distinct document discovery and depositions of different individuals, *to wit*, distributors and salesmen versus customers. In addition, because discovery is complete in the prior

action, there is no opportunity for efficiencies with respect to those individuals involved in both claims, *i.e.*, the defendants and any other individuals with information relating to the original action will need to be deposed a second time in this action. From a procedural perspective, there is no efficiency to be gained from consolidating these cases because a dispositive motion is already under advisement in the original action. In addition, expediting discovery in this action could prejudice defendants' ability to obtain complete discovery with respect to the claims asserted in this action.

Therefore, plaintiff's motion (Dkt. #3), to consolidate this action with *Renaissance Nutrition, Inc. v. Jarrett*, 06-CV-380S(Sr), and to expedite discovery, is denied.

**SO ORDERED**.

**DATED:** Buffalo, New York
May 27, 2009

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**