**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**RENAISSANCE NUTRITION, INC.,**

                            **Plaintiff,**                 **08-CV-0800S(Sr)**

**v.**

**GEORGE JARRETT and DAN KURTZ,**

                            **Defendants.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #34.

Currently before the Court are cross-motions to compel discovery. Dkt. ##37 and 39. At the conclusion of a March 23, 2010 discovery status conference, the Court instructed counsel for the parties to work to resolve the pending cross-motions to compel informally and without further Court intervention. By letter dated June 21, 2010, counsel for the parties jointly advised the Court that "the parties conferred and were unable to reach agreement and will require a determination from this Court on the following matters:

- Whether Defendant Jarrett should be deposed for an additional three (3) hours, and Defendant Kurtz deposed for an additional ninety (90) minutes.

- Whether the parties [sic] designations of documents produced by third parties as "Attorneys Eyes Only" should be overruled and the documents marked as "Confidential".

●     Whether either party should be compelled to produce additional documents."

## FACTUAL BACKGROUND

In its Amended Complaint, plaintiff alleges, *inter alia*, that it is a "full-service vitamin and mineral premix company that in addition to its nutritional products for cows, provides professional nutritional and farm management consulting services to dairy farmers in a number of eastern, southern and mid-western states."  Dkt. #28, ¶ 10.  Plaintiff further alleges that it develops and provides trace minerals and vitamins which are then inserted into the feed supply of its customer's cows to support and maximize milk supply.  *Id*. at ¶ 11.  After nearly twenty years of employment with plaintiff, plaintiff alleges defendants Jarrett and Kurtz left their employment with plaintiff and are engaged in a competing business called "Cows Come First" and plaintiff contends defendants, "worked in concert with third parties to solicit and divert Plaintiff's salesmen and distributors either to CCF or away from Plaintiff, and to sell Plaintiff's distributors competitive products . . . " *Id*. at ¶ 25.

In its Answer to the Amended Complaint, defendants asserted three counterclaims against plaintiff, illegal restraint of trade, interference with prospective advantage and prima facie tort.  Dkt. #31.  Defendants allege that plaintiff, by itself and through its agents, "conspired with others to prevent lawful competition and the free exercise of business, trade, and commerce with respect to the marketing and sale of vitamin and mineral pre-mix and other nutritional products [ ] for use by dairy

farmers . . . " *Id*. at ¶ 104.  More specifically, defendants allege that plaintiff prevented

businesses, such as Lallemand Animal Nutrition, from selling or marketing nutritional

products and/or consulting services to or with defendants.  *Id*. at ¶ 105.  In fact,

defendants claim that plaintiff threatened that it would discontinue conducting business

with or would otherwise harm Lallemand if it conducted business with defendants.  *Id*.

at ¶ 106.  As a result, Lallemand refrained from conducting business with defendants so

that it could continue to conduct business with plaintiff.  *Id*. at ¶ 107.


## DISCUSSION AND ANALYSIS

**Plaintiff's Request for Additional Time to Depose Defendants Jarrett and Kurtz**

In its cross-motion to compel discovery, plaintiff sought permission from

this Court to continue the deposition of defendant Jarrett for an additional 4½ hours and

defendant Kurtz for an additional 3 hours.  Dkt. #39-2, ¶ 2.  Since the filing of its cross-

motion, plaintiff has modified that request and now seeks an additional 3 hours to

complete defendant Jarrett's deposition and an additional 90 minutes to complete

defendant Kurtz's deposition.  For the following reasons, plaintiff's request is granted.


Rule 30 of the Federal Rules of Civil Procedure provides in pertinent part,

(d) Duration; Sanction; Motion to Terminate or Limit.

> (1) Duration. Unless otherwise stipulated or ordered
> by the court, a deposition is limited to 1 day of 7
> hours. The court must allow additional time consistent
> with Rule 26(b)(2) if needed to fairly examine the
> deponent or if the deponent, another person, or any

> other circumstance impedes or delays the
> examination.

In support of its motion for additional time, plaintiff argues that notwithstanding its requests to defendants to produce documents in advance of the anticipated depositions to save time, defendants made their partial Rule 26 disclosure of documents and produced documents pursuant to the deposition notices the morning of the depositions. Dkt. #39-2, ¶ 26. In addition, plaintiff asserted that defendant Jarrett's deposition was not concluded and was expected to resume on March 9, 2010. *Id*. at ¶ 27. More specifically, defendant Jarrett's prior testimony lasted 6 hours and 15 minutes, therefore, plaintiff concluded, "in addition to the normal 7½ hours, or 1 hour and 15 minutes remaining, Plaintiff requests an additional 3 hours to complete his deposition, assuming documents are produced pursuant to Plaintiff's First Demand." *Id*. As noted above, plaintiff initially sought an additional 3 hours to complete defendant Kurtz's deposition, however, that request was later modified to 90 minutes.

In opposition to plaintiff's request for additional time to complete the depositions of the defendants, defendants argue that plaintiff has "provided absolutely no legitimate basis for subjecting the Defendants to the additional inconvenience and annoyance of an extended deposition." Dkt. #43, ¶ 22. Moreover, defendants claim that plaintiff's argument in favor of the additional deposition time, the fact that defendants had not responded to plaintiff's first demand for documents, "is a complete red herring." *Id*. at ¶ 24. Indeed, defendants assert,

> Plaintiff did not serve its Notice to Produce until December
> 21, 2009, after Mr. Kurtz had been fully deposed and his

> deposition completed on November 30, 2009 and after Mr.
> Jarrett had been deposed for 6 hours and 15 minutes on
> December 1, 2009. [footnote: Defendants have stipulated to
> waiving the "1 day" requirement set forth in FRCP 30 to
> permit Plaintiff to depose Mr. Jarrett for the time remaining
> of the 7 hours for examination permitted under the rule.
> However, with respect to Mr. Kurtz, the Plaintiff completed
> his questions and concluded the Kurtz deposition. Plaintiff
> did not reserve any right to reconvene the deposition or
> indicate he wasn't finished with his questions.]

*Id*. at ¶ 24 and footnote 3. In addition to the foregoing, defendants argue that plaintiff

"extensively deposed the Defendants in the other action pending between the parties,

*Renaissance Nutrition, Inc. v. George Jarrett and Dan Kurtz*, Case No. 06-cv-0380.

Indeed, Plaintiff obtained an extension of time for Mr. Jarrett's deposition in that action,

which resulted in Mr. Jarrett being deposed for a total of approximately **eleven hours** in

that case!" *Id*. at ¶ 27. Finally, defendants conclude that plaintiff's request is "simply

another tactic to interfere with and pry into Defendants legitimate business activities."

*Id*. at ¶ 28.

In further support of its cross-motion, plaintiff argues that since conducting

defendants' depositions in November and December 2009, "significant additional

discovery material has been obtained from third parties, including the Defendants'

suppliers, as well as from the Defendants themselves. . . . " Dkt. #45, ¶ 27.

Additionally, plaintiff adjusted its initial request for additional deposition time stating,

> [a]lthough in the initial Cross-Motion [sic] requested an
> additional three hours time in deposition for both
> Defendants, it is now clear that the focus of additional
> questioning required is largely Defendant [sic], Jarrett, whom
> discovery has shown had the most extensive contacts and

> dealings with Plaintiff's distributors, those distributors'
> Renaissance customers, and the vendors of the products
> sold to those distributors' customers. . . . It is, therefore,
> requested that Plaintiffs [sic] have an opportunity to examine
> George Jarrett, whose deposition has not been completed
> by agreement, for three (3) hours in addition to the seventy-
> five (75) minutes remaining, and Defendant Dan Kurtz, for
> an additional ninety (90) minutes.

*Id*. at ¶¶ 28-29.


       The Court is fully familiar with the nature of the allegations alleged in the complaint herein, *to wit*: the defendants are alleged to have breached a covenant not to solicit, divert or otherwise deal with salesmen or distributors of plaintiff's products, as well as defendants' counterclaims. The Court notes that defendants previously opposed plaintiff's motion to consolidate the two actions and this Court denied the motion to consolidate. Dkt. #19. Therefore, consistent with this Court's prior Decision and Order, the two actions are separate actions and defendants cannot now claim that plaintiff's opportunity to depose defendants in this action should be restricted simply by reason of the depositions already taken in a separate action. Based in part upon the complex and highly contentious nature of the claims and counterclaims herein and the reasonableness of plaintiff's request for three hours to complete defendant Jarrett's deposition and ninety (90) minutes to complete defendant Kurtz's deposition, plaintiff's request is granted.

**Third Party Documents - "Attorneys Eyes Only"**

On or about October 30, 2009, counsel for the parties entered into a "Stipulated Order Concerning Confidentiality of Discovery Materials Produced by the Parties" ("Confidentiality Order"). Dkt. #30. Among other things, the Confidentiality Order contemplated that the parties may be disclosing documents or other information that they wished to designate as either "Confidential" or "Attorneys Eyes Only" depending on the nature of the information contained in the documents. As provided in the Confidentiality Order, documents and discovery designated as Confidential and the contents thereof "may be disclosed only to parties, officers and employees of parties on a need to know basis only, counsel for the parties their staffs, experts and consultants retained for purposes of the litigation and their respective staffs and assistants, deponents and witnesses at trial, court reporters and commercial photocopying services." Dkt. #30, ¶ 4. Conversely, those documents and discovery materials designated "Attorneys Eyes Only" and the contents thereof "may be disclosed to counsel for the parties and their staffs, experts and consultants retained for purposes of the litigation and their respective staffs and assistants, court reporters and commercial photocopying services." *Id*. In other words, those documents designated "Attorneys Eyes Only" may not be disclosed to the parties themselves. The Confidentiality Order further provided that discovery materials, including documents, affidavits, statements and responses to interrogatories or requests for admission may be deemed "Attorneys Eyes Only" if the materials disclose "a trade secret or proprietary information which a party would not normally disclose to third parties, provided that the producing party or

person places an "Attorneys Eyes Only" designation of [sic] the front of any such document."  *Id*. at ¶ 3.

    At issue here are certain categories of documents produced by third parties pursuant to subpoenas and which the parties, not the third parties who initially produced the documents, have designated "Attorneys Eyes Only."  More specifically, plaintiff is contesting the "Attorneys Eyes Only" designation by counsel for defendants of documents obtained from third parties pursuant to plaintiff's subpoenas.  Defendants are contesting the "Attorneys Eyes Only" designation of documents by counsel for plaintiff that defendants received from Lallemand Animal Nutrition pursuant to a subpoena served by defendants.

### Lallemand Animal Nutrition Documents

    The Lallemand Animal Nutrition documents were obtained by defendants pursuant to a subpoena and designated by plaintiff as "Attorneys Eyes Only." Defendants contest the designation of these documents as "Attorneys Eyes Only" and argue that the documents are directly related to defendants' counterclaims.  Defendants further argue that the documents at issue are suggestive that plaintiff has additional documents in its possession that should have been produced in response to defendants' document demands.  In addition to the foregoing, defendants argue that the Lallemand Animal Nutrition documents do not contain information that is proprietary to plaintiff and therefore, those documents should not be designated "Attorneys Eyes Only."

Conversely, plaintiff maintains that the documents produced by Lallemand do not, as defendant insists, "lend credence to defendants' counterclaims."  Dkt. #45, ¶ 5.  Moreover, plaintiff insists that copies of any Lallemand documents which may have also been in plaintiff's possession, "were <u>not</u> responsive to any document request to Plaintiff made by the Defendants."  *Id*. (emphasis in original).  More specifically, plaintiff explains that, "Defendants' Requests to Plaintiff sought documents exchanged with Lallemond [sic] 'subsequent to Defendant's [sic] resignations' and/or that concern Lallemond [sic] conducting or not conducting business with the Defendants subsequent to their resignations . . . "  *Id*. at ¶ 6.  Plaintiff further explains that a December 7, 2005 letter from Vince Myerly ("Myerly Letter") "does not concern Lallemond [sic] conducting or not conducting business with the defendants, rather, as plaintiff explains, Lallemond [sic] attempting to hire Renaissance sales or management employees."  *Id*. at ¶ 7.  Similarly, plaintiff argues that the Supplier Agreement to Work with Renaissance Sales Personnel executed by Lallemand's representative on June 23, 2004 ("Supplier Agreement") concerned solely Lallemand's disclosure of information to plaintiff's distributors.

Based on its review of the limited documents submitted for the Court's *in camera* consideration and the parties' explanations of the nature of the documents, the Court agrees with defendants that the Lallemand documents obtained from Lallemand in response to a subpoena do relate to defendants' counterclaims.  Moreover, it does not appear to this Court that the Lallemand documents on their face contain or disclose trade secret or proprietary information.  However, to the extent that the documents

contain such information, such information may be redacted and does not require that the entire document be designated Attorneys Eyes Only thereby precluding the documents from being shared with defendants.  Rather, the documents should be designated Confidential.

### Documents Designated Attorneys Eyes Only by Defendants

Plaintiff argues that defendants have "over-designated" documents defendants have disclosed, as well as documents received from third parties as "Attorneys Eyes Only."  Dkt. #45, ¶ 19.  Plaintiff asserts that defendants offered the following explanation for the Attorneys Eyes Only designation,

> if a competitor of Cows Come First, such as Renaissance Nutrition, has this information, the competitor could approach the dairies and undersell Cows Come First on the exact products that the dairies need and/or contain pricing information that would provide a competitor of Cows Comes First a significant competitive advantage.

*Id*.  With respect to documents defendants obtained from third parties that defendants have in turn designated as Attorneys Eyes Only, plaintiff contests defendants' designation of documents such as feed mill documents, which according to plaintiff include public documents or documents which the defendants have readily shared with third parties who are supposedly competitors, as well as vendors and end users without seeking confidential protection.  Plaintiff concludes, "in short these designations have been made solely to impede and increase the costs of Plaintiff's trial preparations."  *Id*. at ¶ 21.  Specifically, plaintiff offers the following example,

> Defendants have designated as "Attorneys Eyes Only" the various tags that are affixed to the packages of their

products distributed to end users.  As these exhibits show, the guaranteed analysis of the proportions of what these products contain is readily available for all eyes to see. Moreover, daily nutritionists can determine the formulas used to produce the products themselves, based upon the information in the product tags.  Defendants have not only designated the product tags of their own CCF [Cows Come First] products as 'Attorneys Eyes Only', but the product tags of several alleged 'competitors', namely Donald Burkard, Mark Einink, and others who with the Defendants' assistance or blessing had identical versions of these same products produced as 'private label' products by the Defendants' vendor.

*Id*. at ¶¶ 22-23.


The examples of the product tags submitted to the Court for its *in camera* review, do not appear to reveal trade secret or proprietary information of the defendants, rather these documents illustrate the identical nature of the products offered by Cows Come First, insofar as the ingredients and mineral content - all of which it would appear is publicly available because it is printed on the product tag.  To the extent, however that some of the product tags or other mill documents reveal pricing or margins, such information relating only to Cows Come First may be trade secrets or proprietary information and therefore, may be redacted.  In those instances, the document should be designated as Confidential and redacted, rather than designated as "Attorneys Eyes Only."

**Discovery Demands**

     **Defendants' Motion to Compel**

In their motion to compel, defendants argue that plaintiff failed to conduct a proper search for documents responsive to defendants' document demands. Dkt. #37-2. Specifically, in its responses to defendants' document demands, plaintiff objected to a single document demand, Document Demand No. 1. In Document Demand No. 1, defendants sought "any and all documents relating to or regarding the subject of the allegations in the complaint." Dkt. #37-3, p.5. In its response, plaintiff stated, "Objection to this request is made on the grounds that it is overbroad. In lieu of seeking specific documents, it seeks to impose on Plaintiff and Plaintiff's counsel the obligation to determine what, if any, documents may be responsive. Further objection is made on the ground that the overbroad request seeks documents protected by privilege." Dkt. #37-3, p.19. By letter dated January 6, 2010, counsel for defendants endeavored to clarify Document Demand No. 1. Specifically, that letter stated,

that demand seeks the following relevant documents:

(a)    all documents relating to or regarding the execution of all contracts and/or agreements referenced in plaintiff's Amended Complaint, including, but not limited to correspondence between the parties to such contracts and/or agreements either before or after the execution of said contracts/agreements;

(b)    all documents relating to or regarding communications between any agent, employee, or representative of Renaissance as well as any customers, suppliers, and independent contractors and any other employee, agent, or representative of

Renaissance as well as any customers, suppliers, and independent contractors concerning the Defendants' resignations from Renaissance;

(c)    all documents between any agent, employee, or representative of Renaissance (including, in particular, Craig Brown) and defendants concerning their resignations from Renaissance;

(d)    all documents between any agent, employee, or representative of Renaissance (including, in particular, Craig Brown) and defendants concerning the resignation of any other employee or independent contractor from Renaissance, including, but not limited to: Donald Burkard, Mark Wenger, Larry Bock, Craig Ingalls, Michael Maloney, Mark Einink, and David Burkard;

(e)    all documents between any agent, employee, or representative of Renaissance (including, in particular, Craig Brown) and any of the following individuals for the time period between January 2006 to the present: Donald Burkard, Mark Wenger, Larry Bock, Craig Ingalls, Michael Maloney, Mark Einink, and David Burkard;

(f)    a complete copy of any personnel file maintained by Renaissance for defendant George Jarrett;

(g)    a complete copy of any personnel file maintained by Renaissance for defendant Dan Kurtz;

(h)    all documents between Renaissance and any employee or independent contractor relating to, regarding, or concerning the commencement of, or threat to commence, a lawsuit against such employee or independent contractor upon such employee's or independent contractor's resignation from Renaissance.

Dkt. #37-3, p.30.   Counsel for plaintiff responded by letter dated January 8, 2010

stating,"[w]hen you and I discussed your first request for documents <u>you agreed</u> that

request No. 1 was over broad.  The laundry list of items set forth in your January 6,

2010 letter (Items a-h), are not a 'good faith clarification of that demand' but a new request for production of documents.  We will treat your letter as a second request for production of documents under Rule 34, and we will respond in accordance with Rule 34."  Dkt. #37-3, p.34 (emphasis in original).

Subsequent to that exchange of letters, on January 14, 2010, defendants conducted the deposition of Wayne Cooke, the Marketing Manager for plaintiff.  Dkt. #37-2, ¶ 11.  During his deposition, Wayne Cooke testified that there is no central filing system and that each employee generally maintains their own files.  *Id*.  Notably, Mr. Cooke further testified that,

> he was not asked to search his records at any time prior to Plaintiff serving its response to Defendants' demand.  He testified that he was only asked to search his records at the end of December, and, even then, he was only asked to conduct a limited search for documents related to one particular entity (Lallamond) [sic] rather than the category of entities identified in the demand (e.g. "any supplier of Plaintiff" and/or "any other entity engaged in the business of buying, selling, or utilizing vitamin and mineral premixes and/or nutritional farm management consulting services").

*Id*.  Based on Mr. Cooke's testimony, defendants assert that plaintiff did not properly conduct a search for documents responsive to their document demands.  Accordingly, defendants have requested an Order from this Court compelling plaintiff "to immediately conduct a complete and proper search of its records, including the records maintained by each of its employees, and to immediately provide documents responsive to Defendants' Demand No. 1, as clarified in the January 6 letter."  *Id*. at ¶ 18.

In its response to defendants' motion to compel, plaintiff stated that it responded to defendants' second request for documents on or about February 8, 2010 and further, that plaintiff was prepared to produce the responsive documents, however, counsel for defendants had not followed up concerning inspection or copying of those documents, rather, defendants filed the instant motion to compel. Dkt. #39-2, ¶ 8. Plaintiff further responds that its responses to defendants' first and second document demands were "complete and thorough after all employees of Plaintiff potentially possessing responsive documents were queried, in good faith." *Id*. at ¶ 9. With respect to defendants' summary of Wayne Cooke's testimony, plaintiff disagreed with defendants' recollection of Mr. Cooke's testimony and cautioned that the Court should "take a jaundiced view of [defendants' counsel's] self-serving characterization of the testimony of Wayne Cook [sic], taken on January 15, 2010 [sic], in the absence of a transcript; particularly when the delay in the transcript being prepared lies squarely at the feet of [defendants' counsel]." *Id*. at ¶ 10.

In further support of their motion to compel, defendants replied that Mr. Cooke did indeed testify as set forth in defendants' initial motion to compel. Moreover, notwithstanding Mr. Cooke's testimony that he maintained a computer file for Lallemand and that Renaissance has a Supplier Agreement with Lallemand, defendants had not received any documents from plaintiff relating to Lallemand. Dkt. #43, ¶ 6. Based on the documents defendants received directly from Lallemand in response to a non-party subpoena, for example, an internal e-mail and letter from a Lallemand representative to Craig Brown, Renaissance's president, defendants conclude that "it is reasonable to

expect that additional documents may have been generated in relation to those communications."  *Id*. at ¶¶ 11-13.

Defendants' motion to compel is granted and plaintiff is hereby directed to conduct a complete and thorough search of its records, including any electronic records and those records maintained by each of its employees.  Plaintiff is further directed to immediately provide any documents responsive to defendants' Document Demand No. 1 (as clarified in the January 6, 2010 letter) to defendants.

### Plaintiff's Cross-Motion to Compel

Among other things, in its cross-motion to compel, plaintiff asserts that defendants were delinquent in responding to plaintiff's document requests.  Dkt. #39-2, ¶¶ 14-18.  In their response, defendants state that they recently served their responses and objections to plaintiff's document demands.  Dkt. #43, ¶ 21.  In further support of its cross-motion to compel, plaintiff acknowledged that defendants had responded to plaintiff's document demands and had produced some documents.  Dkt. #45, ¶ 11.  In its reply in further support of its cross-motion to compel, plaintiff characterizes defendants' responses and objections as "disingenuous and ill-founded" and further that defendants' document production was "woefully deficient and every document Defendants produced was improperly designated "Attorneys' Eyes Only" in order to hamper Plaintiff's efforts to prosecute its claims."  *Id*.

Plaintiff contends that in response to five of seven document requests defendants interposed the following objections: that the demand fails to contain temporal limits; to the extent the demand seeks documents after the individuals or entities ended their relationship with plaintiff, defendants object that the documents are irrelevant; the sole purpose of obtaining documents is to interfere with defendants' lawful business activities, unlawfully restrain trade and/or unfairly compete with defendants. *Id*. at ¶ 13. Plaintiff insists that its document demands contained a "very reasonable temporal limit, namely the period January 1, 2006 and the date of the Plaintiff's Demand of December 21, 2009." *Id*. at ¶ 14. In addition, plaintiff responds that,

> Defendants can be presumed to have significant knowledge with regard to the past and present customers of the Renaissance distributors listed in the request, as the Defendants, particularly Jarrett, called on their Renaissance distributors' customers, while he and the distributors were both still associated with Renaissance, and subsequently as part of the Defendants' scheme to bring these distributors under the Cows Come First umbrella in violation of certain restrictive covenants.

*Id*. Finally, plaintiff takes exception to what it characterizes as the "most disingenuous objection," that defendants are not required to produce documents they previously produced in connection with the other action, between the same parties, pending before this same Court, *Renaissance Nutrition, Inc. v. George Jarrett and Dan Kurtz*, Case No. 06-cv-0380. *Id*. at ¶ 18. Specifically, plaintiff argues that defendants opposed consolidation of the two actions and further that "Plaintiff should not have to wade

-17-

through all of the documents exchanged in a prior, separate proceeding, to determine which may be responsive to these new requests." *Id*.

Plaintiff's cross-motion to compel is granted as follows. The Court agrees that plaintiff's document demands were appropriately limited in time, January 1, 2006 through December 21, 2009. By reason of the very nature of the claims and counterclaims at issue herein, the Court agrees with plaintiff that defendants can be presumed to have significant knowledge concerning the past and present customers of the Renaissance distributors listed in the document demand. As the parties no doubt well know, discovery pursuant to the Federal Rules of Civil Procedure is not only limited to only those documents and information that support a party's position, but often extends to documents and information which may tend to support an opponent's position. Accordingly, defendants are instructed to produce all responsive documents regardless of whether those documents may be inconsistent with defendants' defenses and/or counterclaims. Finally, defendants refusal to produce documents they claim were previously produced in the other action pending between the parties, *Renaissance Nutrition, Inc. v. George Jarrett and Dan Kurtz*, Case No. 06-cv-0380 is without merit. As plaintiff correctly states, defendants opposed the motion to consolidate on the grounds that the actions involve different questions of fact and law and could result in jury confusion, that discovery in the first action was complete and that a summary judgment motion was pending in the first action. This Court denied plaintiff's motion to consolidate the two actions. Dkt. #19. Therefore, the actions are separate actions and discovery in the instant action must proceed irrespective of what documents may have

been produced in the first action.  Accordingly, defendants are directed to produce responsive documents in this action without regard to whether the identical documents may have been previously produced in *Renaissance Nutrition, Inc. v. George Jarrett and Dan Kurtz*, Case No. 06-cv-0380.

For the foregoing reasons, the remaining portions of the pending cross-motions to compel (as described in the June 21, 2010 letter on behalf of both parties) are granted as specifically set forth above.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
              **September 21, 2010**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**